1522-CC00879

Electronically Filed - City of St. Louis - April 23, 2015 - 03:08 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT

| | |
|---|---|
| **BRENDEN K. O'GUIN** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| ) | Division No. |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | ON ALL COUNTS |
| **TREK BICYCLE CORPORATION** ) | |
| ) | Personal Injury-Strict Product Liability |
| Defendant. ) | and Negligence |
| ) | |
| Serve: Robert B. Burns ) | |
|   801 W. Madison Street ) | |
|   Waterloo, WI 53594 ) | |

**PETITION FOR DAMAGES FOR PERSONAL INJURIES:
STRICT PRODUCT LIABILITY AND NEGLIGENCE**

COMES NOW Plaintiff, Brenden K. O'Guin ("Brenden"), by and through counsel, to make the following claims, allegations and averments against defendant Trek Bicycle Corporation ("Trek" or "Defendant").

**NATURE OF CASE**

1. This is an action for personal injuries suffered by Brenden as a result of Defendant's conduct in the sale, development, design, re-design, engineering, manufacture, marketing, promotion, distribution, assembly of, and provision of warnings and instructions for, a bicycle described as a Trek Alpha 2000 bearing Serial No. WL1693784 (the "Bicycle").

1

## PARTIES, JURISDICTION AND VENUE

2. Brenden is a resident of St. Louis, Missouri.

3. Upon information and belief, Trek is a Delaware corporation with its principal place of business in Waterloo, Wisconsin. Trek may be served with process through its registered agent, Robert B. Burns, 801 W. Madison Street, Waterloo, WI 53594.

4. Upon information and belief, Trek developed the Bicycle.

5. Upon information and belief, Trek designed the Bicycle.

6. Upon information and belief, Trek, re-designed the Bicycle.

7. Upon information and belief, Trek engineered the Bicycle.

8. Upon information and belief, Trek manufactured the Bicycle.

9. Upon information and belief, Trek marketed the Bicycle.

10. Upon information and belief, Trek promoted the Bicycle.

11. Upon information and belief, Trek distributed the Bicycle.

12. Upon information and belief, Trek assembled some or all of the Bicycle or its components.

13. Upon information and belief, Trek wrote or created warnings and instructions (if any) for the Bicycle.

14. Upon information, Trek sold the Bicycle and delivered it into the stream of commerce.

15. Jurisdiction over Trek is proper pursuant to the Missouri long-arm statute, RSMo §506.500.1.

16. Venue is proper in this Court pursuant to RSMo §508.010.4.

## FACTUAL BACKGROUND

17. On April 18, 2014, Brenden was riding the Bicycle on Washington Avenue near the intersection of Compton and Washington Avenues.

18. Suddenly and without warning, the front fork of the Bicycle fractured catastrophically. The sudden, unexpected, and catastrophic fracture of the fork caused Brenden to fall over the handlebars, face-first into the street (the "Incident").

19. The Incident occurred while the Bicycle was being used in a foreseeable manner and at a speed expected and anticipated by Trek.

20. The Incident did not occur as a result of any abuse or misuse by Brenden of the Bicycle or any component parts.

21. The Incident did not occur as a result of any failure by Brenden to properly maintain the Bicycle or any of its component parts.

22. As a direct and proximate result of the Incident, the Bicycle's defects and hazards and Defendant's conduct alleged herein, Brenden sustained a traumatic brain injury and permanent disfiguring injuries to his face.

23. As a direct and proximate result of the Incident, the Bicycle's defects and hazards and Defendant's conduct alleged herein, Brenden has incurred medical bills and related costs (emergency transport, physical therapy, etc.) and will with reasonable certainty incur medical bills and related costs in the future.

24. As a direct and proximate result of the Incident, the Bicycle's defects and hazards and Defendant's conduct alleged herein, it is reasonably certain that Brenden will require additional surgeries and medical care in the future.

## COUNT I

**Strict Liability – Defective Manufacture and Design of the Bicycle**

25. Brenden incorporates by reference each and every paragraph in this First Petition as though set forth in full in this Count.

26. At all times herein relevant, Trek engaged in the business of designing, re-designing, engineering, testing, inspecting, manufacturing, assembling, labeling, marketing, advertising, promoting, selling and/or distributing the Bicycle.

27. The Bicycle was defective and in an unreasonably unsafe and dangerous condition when it left the hands of Defendant and remained defective and unreasonably dangerous at all times thereafter until it suddenly, unexpectedly and catastrophically fractured, severely injuring Brenden.

28. At the time the Bicycle left Defendant's control, it was not adequately designed, redesigned, engineered, tested, inspected, manufactured, assembled, labeled, marketed, advertised, promoted, sold and/or distributed to minimize the risk of injury or death.

29. Defendant was aware in the regular course of business of defects and accidents involving the carbon composite forks, yet failed to provide adequate warnings, maintenance directives or safety notices to protect users and/or owners from the Bicycle's hazards and the possibility of events like the Incident.

30. It was reasonably foreseeable to Defendant that the Bicycle would be used in the manner in which it was being used at the time of the Incident. There were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to Brenden. Such safer alternative designs were economically and technologically feasible at the

time the Bicycle left Defendant's control by the application of existing and/or reasonably achievable scientific knowledge.

31. The Bicycle was unreasonably and dangerously defective in the following ways:

   a. At the time the Bicycle was placed into the stream of commerce, it was reasonably expected and foreseeable that the Bicycle would be used by persons such as Brenden;

   b. The Bicycle was designed, manufactured, marketed, distributed and/or sold with a frame that had insufficient strength to withstand normal and expected use without failure;

   c. The bicycle was designed, manufactured, marketed, distributed and/or sold with a frame that had defects in the carbon composite and utilized inadequate or defective materials that resulted in a sudden, unexpected and catastrophic failure;

   d. The Bicycle did not contain adequate instructions or warnings for the proper and safe use of the Bicycle and did not adequately instruct or warn and mitigate or avoid the risks and danger posed by the Bicycle. These failures made the Bicycle unreasonably and dangerously defective for its intended and reasonably foreseeable uses;

   e. The Bicycle did not contain or come with adequate warnings of the risks or nature and extent of danger associated with the potential catastrophic failure;

   f. The Bicycle was defective to an extent beyond that which would have been contemplated by the ordinary user with ordinary knowledge common to the relevant community of users as to the Bicycle's characteristics;

    g.    The Bicycle was defective in that the warnings and instructions provided, if any, were not any form that could reasonably be expected to catch the attention of the reasonably prudent person in circumstances of the Bicycle's intended or reasonably foreseeable uses; and

    h.    Reasonable, safer and viable alternatives existed to prevent such a catastrophic failure.

32. The above unreasonable and dangerous defects in the Bicycle were the proximate cause of the accident and injuries to Brenden.

WHEREFORE, Plaintiff, Brenden O'Guin, prays for judgment against Trek, in an amount that is fair and reasonable in excess of $25,000, for punitive damages, for prejudgment interest pursuant to §408.040 RSMo, for his costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT II

### Strict Liability – Failure to Warn

33. Brenden incorporates by reference each and every paragraph in this First Amended Petition as though set forth in full in this Count.

34. Defendant designed, redesigned, engineered, tested, inspected, manufactured, assembled, labeled, marketed, advertised, promoted, sold and/or distributed the Bicycle without adequate instruction and/or without warnings regarding the defects or unreasonably dangerous conditions set forth in Count I above.

35. As a direct and proximate result of the defective and unreasonably dangerous condition of the Bicycle and Defendant's failure to warn of the dangers thereof, Brenden

suffered severe, debilitating and disfiguring injuries, mental and physical pain and suffering, loss of enjoyment of life, and medical bills and expenses, past and future.

36. At the time Defendant designed, engineered, manufactured, distributed, assembled, promoted, marketed, delivered and/or sold the Bicycle, Defendant knew of and failed to warn Brenden about the aforesaid defects and dangerous conditions of the Bicycle and showed complete indifference to and/or conscious disregard for the safety of others, including Brenden.

WHEREFORE, Plaintiff, Brenden O'Guin, prays for judgment against Trek in an amount that is fair and reasonable in excess of $25,000, for punitive damages, for prejudgment interest pursuant to §408.040 RSMo, for his costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT III

### Negligence

37. Brenden incorporates by reference each and every paragraph in this First Amended Petition as though set forth in full in this Count.

38. Defendant had a duty to design, redesign, engineer, test, manufacture, distribute, assemble, promote, market, deliver and sell products that are not unreasonably dangerous. Defendant was thereby negligent, careless and reckless in designing, redesigning, engineering, manufacturing, distributing, assembling, promoting, marketing, delivering and selling the Bicycle which could, and did, suddenly, unexpectedly and catastrophically fracture.

39. Defendant was negligent in designing, re-designing, engineering, testing, inspecting, manufacturing, assembling, labeling, marketing, advertising, promoting, selling and/or distributing the Bicycle with insufficient strength to withstand normal and expected use and to support normal and expected use without failure.

40. Defendant was negligent in designing, redesigning, engineering, manufacturing, distributing, assembling, promoting, marketing, delivering and/or selling the Bicycle with defects in the carbon composite and utilized inadequate or defective materials and/or manufacturing technique that resulted in sudden, unexpected and catastrophic failure.

41. Defendant was negligent in failing to warn adequately about the risks and nature and extent of dangers associated with the potential catastrophic failure of the Bicycle.

42. Defendant was negligent in that the warnings and instructions provided, if any, were not in any form that could reasonably be expected to catch the attention of the reasonably prudent person in circumstances of the Bicycle's intended or reasonably foreseeable uses.

43. Defendant was negligent in failing to exercise due care in designing, re-designing, engineering, testing, inspecting, manufacturing, assembling, labeling, marketing, advertising, promoting, selling and/or distributing a bicycle that would fail without adequate warnings to Brenden and reasonably prudent persons.

44. As a direct and proximate result of Defendant's negligence, Brenden suffered severe, permanent, disfiguring and debilitating injuries, mental and physical pain and suffering, loss of enjoyment of life, and past and future medical bills and expenses.

45. At the time Defendant designed, redesigned, engineered, manufactured, distributed, assembled, promoted, marketed, delivered and sold the Bicycle, Defendant knew, or in the exercise of ordinary care should have known, about the defects, hazards, and dangerous condition of the Bicycle, but failed to eliminate or warn of them, and thereby showed complete indifference to and/or conscious disregard for the safety of users such as Brenden. As such, punitive damages are justified.

WHEREFORE, Plaintiff, Brenden O'Guin, prays for judgment against Trek in an amount that is fair and reasonable in excess of $25,000, for punitive damages, for prejudgment interest pursuant to §408.040 RSMo, for his costs expended herein, and for such other relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all claims asserted in this Petition.

Dated: April 23, 2015

Respectfully submitted,

SHER CORWIN WINTERS LLC

By: /s/ *Bradley A. Winters*
Bradley A. Winters, #29867
Douglas J. Winters, #65284
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
(314) 721-5200
(314) 721-5201 (Fax)
bwinters@scwstl.com
dwinters@scwstl.com

*Attorneys for Plaintiff, Brenden K. O'Guin*